**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| MONIQUE EPPERSON individually and on behalf of DV and SV, minors, <br><br>Plaintiff, <br><br>vs. <br><br>JUDGE MATHEW HARTER, *et al.*, <br><br>Defendants. | Case No. 2:20-cv-01613-RFB-VCF <br><br>**ORDER** <br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 1-1) |

Before the Court are pro se plaintiff Monique Epperson's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). Epperson's (1) in forma pauperis application is granted; (2) her complaint is dismissed without prejudice with leave to amend.

## DISCUSSION

Epperson's filings present two questions: (1) whether Epperson may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Epperson's complaint states a plausible claim for relief.

**I.    Whether Epperson May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff's affidavit states that she makes $1,106.00 bi-weekly and that she has $1,600.00 in savings. (*Id.*) Plaintiff's application to proceed in forma pauperis is granted.

**II.      Whether Epperson's Complaint States a Plausible Claim**

   **a. Legal Standard**

Because the Court grants Epperson's application to proceed *in forma pauperis*, it must review Epperson's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

It is well-settled that federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. See *Rooker v. Fid. Tr. Co*., 263 U.S. 413, 414, 44 S. Ct. 149, 149 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983)(Federal courts do not have jurisdiction to sit in direct review of state court decisions or procedures.)  The United

States Supreme Court has repeatedly held that judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982). Judges are absolutely immune from a civil suit for damages under § 1983. See *Imber v. Pachtman*, 424 U.S. 409, 435 (1976).

### b. Plaintiff's Complaint

Epperson's complaint is styled as a civil rights complaint, on behalf of herself and her minor children, regarding proceedings in family court. (ECF No. 1-1). She alleges that Judge Harter, who presided over her family law case, violated her civil rights in those proceedings. (*Id.*) She also alleges that defendants (1) attorney Mandy McKellar, who represented her child's father; (2) therapist Claudia Schwarz; (3) therapist Donna Gosnell all violated her and her children's rights in those proceedings because they "influenced" Judge Harter. She also alleges that her child's father, Antonio Velasco, violated her rights and children's rights by "conspiring" with Judge Harter. (*Id.* at 14). Plaintiff alleges she is entitled to 1 million dollars in damages because of these violations of her rights. (*Id.* at 17).

All plaintiff's claims are in relation to the actions of Judge Harter during a judicial proceeding and the attorney, therapists, and her child's father's actions during the family court proceeding. Judge Harter is absolutely immune from a civil suit for damages under § 1983. Even under the liberal pleading standard, plaintiff's complaint is 1) fashioned as an appeal of a state court proceeding, which is outside this Court's jurisdiction, and 2) her allegations are related to judicial actions which require immunity. The Court will give the plaintiff one opportunity to amend her complaint.

ACCORDINGLY,

IT IS ORDERED that Epperson's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Epperson's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Epperson has until Friday, November 6, 2020 to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint.  The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  *See* 28 U.S.C. § 1915(e)(2).

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney,

or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 9th day of October 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE