1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

7  MONIQUE EPPERSON,                              Case No. 2:20-cv-01613-RFB-MDC

8            Plaintiff,                                           **ORDER**

9       v.

10  DISTRICT JUDGE MATTHEW HARTER,
11  *et al.*,

12            Defendants.

13
14      Before the Court for consideration is the Report and Recommendation of the Honorable
15  Cam Ferenbach, former United States Magistrate Judge, entered on June 2, 2022.[1] ECF No. 15.
16  Pursuant to Local Rule IB 3-2(a), objections were due by June 16, 2022. On June 16, 2022, Plaintiff
17  filed an objection. ECF No. 16. For the following reasons, the Court rejects the objection and
18  accepts and adopts the Report and Recommendation in full.

19      **I.      LEGAL STANDARD**

20      A district court "may accept, reject, or modify, in whole or in part, the findings or
21  recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific
22  written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. §
23  636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is
24  required to "make a *de novo* determination of those portions of the report or specified proposed
25  findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local
26  Rule IB 3-2(b).

27
28      _____

[1] Due to an administrative error during the pandemic, there was a delay in the court reviewing this Report and Recommendation.

## II.    DISCUSSION

The Magistrate Judge's Report and Recommendation recommends that this action be dismissed. The Report finds that all of Plaintiff's claims are related to Judge Harter's actions of "conspiring" with court personnel and other defendants during a judicial proceeding, which requires judicial immunity. In Plaintiff's timely filed objection, she argues that the defendants are not entitled to judicial immunity; that she has exhausted state court relief; and that the court-appointed evaluators are not entitled to judicial immunity. Plaintiff asserts that the defendants conspired to remove minor children from the Plaintiff's care so that the children's father would no longer be required to provide child support.

The Court has conducted a *de novo* review of the Report and Recommendation and finds that Plaintiff has not raised an appropriate or adequate legal objection to the Magistrate Judge's holdings. Accordingly, the Court rejects the objection and concurs with the Magistrate Judge's findings, reasoning, and recommendation.

It is well settled that judges are generally immune from suit for money damages. Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001). Judicial immunity ensures that challenges to judicial rulings are funneled through more efficient channels for  review like the appellate process. Lund v. Cowan, 5 F.4th 964, 971 (9th Cir. 2021). It is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself. Id. (quoting Bradley v. Fisher, 80 U.S. 335, 347 (1871)). Additionally, court personnel have absolute immunity for damages for civil rights violations when they perform tasks that are an integral part of the judicial process. See Moore v. Cty. of Butte, 547 F. App'x 826 (9th Cir. 2013); Kukes v. Vandervoort, No. 89-16280, 1991 U.S. App. LEXIS 3469 (9th Cir. Feb. 28, 1991).

In addition, it is well-settled that federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. See Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003); Demos v. United States District Court, 925 F.2d 1160, 1161 (9th Cir. 1991) (federal court of appeals did not have jurisdiction to issue a writ of mandamus to a

state court).

Thus, the Court finds no grounds to grant Plaintiff's Objection.

### III.    CONCLUSION

For the foregoing reasons, **IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 15) is **ACCEPTED** and **ADOPTED** in full.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice.**

The Clerk of Court is instructed to close this case.


**DATED:** November 25, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**